I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: Sept 1, 2011

Melissa Cash

DEPUTY CLERK



FILED
CLERK, U.S. DISTRICT COURT

SEP - 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

JUAN DIEGO NORIEGA,

    Petitioner,

    v.

M. D. BITER, Warden,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. SACV 11-01226 GW (AN)

**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED**

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Juan Diego Noriega ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises five claims directed at Petitioner's June 28, 2007 conviction in the California Superior Court for Orange County (case no. 06CF3153) of carjacking, second degree robbery, unlawfully taking a vehicle, and possession of a firearm by a felon, as well as weapons enhancements. For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

///

## II. DISCUSSION

**A.     Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.     Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///

///

///

The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offenses on June 28, 2007, and sentenced to a term of 24 years on August 24, 2007. On October 8, 2008, the California Court of Appeal affirmed the conviction (case no. G039184). The California Supreme Court then denied review of the court of appeal's decision on December 23, 2008 (case no. S168343). (Pet. at 4-5[2]; state court records.) Petitioner does not appear to have filed a petition for certiorari with the United States Supreme Court. Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on March 23, 2009, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, March 24, 2009, and ended a year later on March 23, 2010. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until August 8, 2011 -- 503 days (approximately one year and five months) after the expiration of the limitations period.[3] Accordingly, absent some basis

---

[1]   The Court takes judicial notice of Petitioner's records in the superior court, which are available on the Internet at https://ocapps.occourts.org, and in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]   Petitioner did not consecutively number the pages of the Petition and all of his attached pages and exhibits as required by Local Rule 11-3.3. For sake of clarity, the Court cites those pages by referring to the electronic pagination furnished by the Court's CM-ECF electronic document filing system.

[3]   Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition continue...

1   for tolling or an alternative start date to the limitations period under 28 U.S.C. §

2   2244(d)(1), the pending Petition is time-barred.

3   **C.    Statutory Tolling**

4          AEDPA includes a statutory tolling provision that suspends the limitations

5   period for the time during which a "properly-filed" application for post-conviction or

6   other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*

7   *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

8   Cir. 2005). An application is "pending" until it has achieved final resolution through

9   the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.

10  2134 (2002). The limitations period is not tolled between the time a final decision is

11  issued on direct state appeal and the time a state collateral challenge is filed because

12  there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646

13  (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral

14  review, however, "intervals between a lower court decision and a filing of a new

15  petition in a higher court," when reasonable, fall "within the scope of the statutory

16  word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223;

17  *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

18         Further, to qualify for statutory tolling during the time the petitioner is pursuing

19  collateral review in the state courts, his first state habeas petition must be

20  constructively filed before, not after, the expiration of AEDPA's one-year limitations

21  period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254

22

23         _3/_   ...continue

24  is deemed to be filed on the date the prisoner delivers the petition to prison authorities
    for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379

25  (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule

26  3(d). The pending Petition was filed by the clerk on August 16, 2011. (Pet. at 1.)

27  However, for purposes of the timeliness analysis, the Court gives Petitioner the benefit
    of the doubt by assuming he constructively filed the Petition on August 8, 2011, the

28  date reflected on his proof of service. (Attach. 5 at 82.)

does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition and relevant state court records establish Petitioner filed four state habeas petitions. On January 3, 2010, he constructively[4] filed a habeas petition in the superior court, which was denied on March 5, 2010. (Pet. at 6; Attach. 1 at 3-4.) On July 15, 2010, he filed a habeas petition in the state court of appeal (case no. F060475), which was denied without prejudice on July 28, 2010 because it was filed in the wrong appellate district. (Attach. 1 at 5-6.) Next, on August 5, 2010, he filed a habeas petition in the correct court of appeal district (case no. G044017), and that petition was denied on September 2, 2010. (Pet. at 6; state court records.) Finally, on October 28, 2010, he filed a habeas petition in the California Supreme Court (case no. S187742), which was denied on June 29, 2011. (Pet. at 6-7; state court records.)

Petitioner is only entitled to statutory tolling for the pendency of his first state habeas petition in the superior court, from January 3 to March 5, 2010. Given those 61 days of tolling, the limitations deadline was extended from March 23, 2010, to May 23, 2010. However, the pending Petition, constructively filed on August 8, 2011, was still untimely by 442 days.

As stated above, intervals between a lower court decision and the filing of a new petition in a higher court toll the limitations period *where reasonable*. *Saffold*, 536 U.S. at 221, 223; *Evans*, 546 U.S. at 192. However, here, the interval between the superior court's decision and the filing of Petitioner's next habeas petition in the court of appeal spanned 132 days, from March 5, 2010 to July 15, 2010. That interval was

---

[4]    The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

"substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions, and [Petitioner has] offered no justification for the delay[] as required under California law." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that intervals of 115 and 101 days were unreasonable and did not qualify for statutory tolling) (citations omitted); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (holding that a 146-day interval was unreasonable). The face of the Petition and attached pages do not establish that Petitioner is entitled to interval tolling between the denial of his first state habeas petition in the superior court and the filing of his second habeas petition in the court of appeal.

Moreover, Petitioner's failure to qualify for interval tolling between his first two state habeas petitions also extinguishes the possibility of any tolling for the pendency of his second, third or fourth state habeas petitions because they were all filed months after the expiration of the extended deadline on May 23, 2010. *Ferguson*, 321 F.3d at 823; *Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259.

Despite receiving the 61 days of statutory tolling to which he is entitled, Petitioner's pending Petition is still untimely.

**D.    Alternative Start of the Statute of Limitations**

   **1.    State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Thus, a claim under this provision "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). The pending Petition does not set forth any facts showing Petitioner is entitled to relief under this provision.

## 2.   Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The pending Petition does not set forth any facts showing Petitioner is entitled to relief under this provision.

## 3.   Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). The pending Petition does not set forth any facts showing Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate.

## E.   Equitable Tolling

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir.

2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

The pending Petition does not establish Petitioner is entitled to equitable tolling.

## ORDER

Based on the foregoing, the Court finds the Petition is untimely. Accordingly, Petitioner shall have until **September 16, 2011**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming the Court's analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

///

///

///

///

///

1      Petitioner is warned that if a timely response to this Order is not made,

2   Petitioner will waive his right to respond and the Court will, without further

3   notice, issue an order dismissing the Petition, with prejudice, as time-barred.

4      Further, if Petitioner determines the Court's above analysis is correct and

5   the Petition is clearly time-barred, he should consider filing a Request For

6   Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of

7   a response to this Order.

8

9      IT IS SO ORDERED.

10

11

12   DATED: September 1, 2011

13                                        ARTHUR NAKAZATO
                                 UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28